## LANTZ v INDUSTRIAL COMM

Ohio Appeals, 9th Dist, Summit Co
No 1816. Decided Jan 26, 1931

Clarence E. Kroeger, Akron, for Lantz.

Gilbert Bettman and R. R. Zurmehly, Columbus, and Don Isham and W. A. Spencer, Akron, for Comm.

WASHBURN, J.

The record discloses that on a Saturday, while the plaintiff in the regular course of his employment was engaged in trucking castings, some of which weighed 150 pounds, which he placed on and removed from the truck, a cinder or some foreign substance flew into his eye, which necessitated his going at once to an eye specialist, who removed the substance from his eye, after which he went home.

The next day being Sunday, he did not work, and his eye appeared to be all right. Monday morning he did not "feel good" but went back to work, and after working for about one hour and a half, he suddenly became practically blind in said eye and went back to the specialist, who, upon examination, found that he had a hemorrhage in the back of his eye which prevented him from seeing with that eye. In the opinion of the specialist and other doctors who examined plaintiff, said condition would not improve and he would always be practically blind in that eye.

He went back to work, and on a form of application for disability for less than a week, filed his claim for compensation, which included medical expense for the first visit to the specialist; said claim was allowed, and the specialist was paid, but no further compensation was allowed.

But before said claim was filed he quit work on account of the injury, and some months later filed another application on a form furnished by the commission for a disability for more than one week, which claim being disallowed, a rehearing was had and appeal taken as hereinbefore stated.

In the opinion of the specialist who treated plaintiff, the hemorrhage of his eye was not caused by the injury which arose from the foreign substance, and there was no evidence of a disease or pre-existing condition which in any way accounted for said hemorrhage; the opinion of the specialist was that the hemorrhage was due to said employee's lifting said heavy castings, but there is no suggestion that repeated lifting weakened the eye and that in consequence of the nature of his employment the eye was gradually impaired so that it became disabled; on the contrary, the evidence is that the eye was not impaired or diseased before the injury caused by said substance, and that the hemorrhage was sudden; and, in the opinion of the specialist, said hemorrhage was due to an unusual strain in lifting. There being no pre-existing diseased condition, the hemorrhage caused by the unusual strain in lifting was an injury, and such injury was clearly covered by the application which the commission denied.

If it were not for the opinion of the specialist, the most natural inference would be that the blindness was caused by the injury to the eye, which it is conceded plaintiff suffered just a short time before the blindness appeared, and the specialist does not attribute the blindness to any diseased condition but only to some injury received by plaintiff while in the course of his employment.

Under such circumstances the trial court was clearly wrong in determining that, as a matter of law, plaintiff's blindness was not due to an injury. That question should have been submitted to the jury; and for error in failing to do so, the judgment is reversed and the cause remanded.

Funk, PJ and Pardee, J, concur.